**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4221-16T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

VINCENT URBANK,

      Defendant-Appellant.

_____

Submitted May 31, 2018 – Decided November 15, 2018

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 16-23.

Vincent Urbank, appellant pro se.

Joseph D. Coronato, Ocean County Prosecutor, attorney for respondent (Cheryl L. Hammel, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant, Vincent Urbank, appeals from a May 9, 2017 Law Division order that adjudicated him guilty on trial de novo of improperly storing an unregistered vehicle. We affirm.

These are the facts. On June 25, 2016, Toms River Police Officer Travis Seaman responded to defendant's home to investigate a complaint of an emaciated dog living in the backyard. When Officer Seaman knocked on the front door, he heard dogs barking on the property. Defendant answered the door. The officer requested permission to check on the dog. Defendant refused, telling Officer Seaman he needed a warrant to enter the property. Returning to his vehicle, Officer Seaman observed two inoperable vehicles in defendant's front yard. There were no tire marks around or near the vehicles, but tall weeds had grown around them and they were surrounded by debris. Officer Seaman ran their license plate numbers and learned the registration for one had expired in 2001 and the registration for the other had expired in 2013. Based on this information and his observations, Officer Seaman issued defendant two complaints for violating local ordinance §481-1, Garaging of inoperative vehicles. The municipal ordinance provided:

481-1 Garaging of inoperative vehicles; exception for certain licensed parties.

A. No person, firm or corporation shall hereafter store or permit or suffer to be stored upon any lands within the Township of Toms River any motor vehicle which is not capable of being used or operated or which is not currently registered with the State of New Jersey or other state, unless said motor vehicle is garaged, except that the foregoing shall not apply to any person, firm or corporation holding a valid license to carry on, maintain or establish any motor vehicle business, motor vehicle junkyard or who shall possess a state license to sell secondhand motor vehicles.

B. Failure of a vehicle to bear license plates shall be prima facie evidence that the vehicle is not currently registered with the State of New Jersey or other state.

§ 481-2 Determination of inoperability.

Any motor vehicle which is not capable of being used or operated shall be deemed to be a motor vehicle which cannot be moved under its own power from place to place upon any public street or highway.

Defendant filed a Notice of Tort Claim against the Township of Toms River, claiming that Officer Seaman and other assisting officers caused him injury. Defendant issued subpoenas to the following individuals: Officers Travis Seaman, Justin Lammer, James Skripko, Chief of Police Mitchell Little, Mayor Thomas Kelaher, and Lisa Poggiali, a guest at defendant's home on the day in question.

On July 11, 2016, defendant appeared in Toms River Municipal Court and pled not guilty. On November 4, 2016, the day trial was to begin, the Township

3

moved to quash the subpoenas defendant had issued to the Mayor, Chief of Police, and Officer Lammar.[1]  In opposition, defendant said he sought testimony from these witnesses relating to his claim he was the victim of selective enforcement.  He alleged the witnesses had unspecified knowledge about how he was treated differently from his neighbors.  Although the Township had not filed a timely motion to quash the subpoenas before trial as required by Rule 7:7-8(h), the municipal court granted the motions as to the Mayor and the Chief of Police after determining defendant could not explain the relevancy of the testimony he sought from these witnesses.

Defendant next argued the municipal court judge should recuse himself in view of the tort claim notice defendant had filed against the municipality.  After a brief recess, the court denied this request, stating recusal was not necessary when only a tort claim notice, not a lawsuit, had been filed.

The case proceeded to trial.  Officer Seaman testified to his observations, which we have previously recounted.  After the court denied defendant's motion to dismiss the case, defendant called Patrolman Skripko as his witness.  During nine years as an officer with the Toms River Police Department, Officer Skripko

---

[1]  The Township also moved to quash the subpoena for Officer Skripko, but later withdrew this request upon learning the officer had responded to defendant's home while the complaints were being issued.

had written no summonses for unregistered or stored vehicles. The officer testified he does not write summonses for every violation he observes. Whether he writes a summons depends on the circumstances of each situation and his exercise of discretion.

Defendant also called Lisa Poggiali, who was present the day Officer Seaman issued defendant the summonses. She confirmed that Officer Seaman requested to see the dogs when he first came to the house. When defendant refused to admit the officer without a warrant, the officer left and later returned with other officers to issue two summonses to defendant. Ms. Poggiali testified there were "plenty of vehicles" in the neighborhood that could be seen from defendant's property. Many such vehicles did not have license plates. Ms. Poggiali had seen defendant drive the vehicles for which he was issued the summonses. She did not know if they were registered.

Defendant testified the two vehicles at issue were currently unregistered. He could not recall if they were registered on the day he was issued the summonses. He denied there were weeds around the vehicles. He intended to sell the vehicles, and he had access to dealer tags to drive them to a dealer if necessary. Defendant also testified that in 2003 he had been issued summonses for violating the same ordinance. The summonses had been dismissed because

the Town would not provide him with discovery he requested to demonstrate the ordinance was being selectively enforced against him. A 2008 summons was dismissed for the same reason. The municipal court judge pointed out that the 2008 summons did not pertain to defendant's property.

The municipal court judge rejected defendant's argument that the disposition of the previous summonses precluded the State from prosecuting the present summonses. The judge "suspected" the previous summonses were for different properties, not the one at issue. The judge found defendant guilty, since there was no dispute as to the fact the vehicles were not registered. The judge then denied a stay and imposed a $200 fine and $33 in court costs for each violation.

Defendant appealed to the Law Division. During the trial de novo, defendant argued the municipal court judge erred in quashing the subpoenas relating to the Mayor and Chief of Police. Defendant asserted "those witnesses would have shown [the] fact that there was selective enforcement, discrimination and . . . [his] civil rights were violated." The Law Division judge acknowledged the municipal court judge had not disregarded proper procedure by entertaining the State's motion to quash on the day of trial without providing defendant the opportunity to respond in writing. The Law Division analogized

the mistake to harmless error, because defendant could not articulate why the testimony was important to his case.

Defendant next argued the current charges were precluded by the dismissal with prejudice of a complaint on similar charges thirteen years earlier. Last, defendant asserted the violation of the statute is a per property offense and not a per vehicle offense.

The Law Division judge found credible Office Seaman's testimony that he found two unregistered vehicles in defendant's yard that appeared not to have been moved for quite some time, as evidenced by the weeds growing around the vehicles and the lack of any tire tracks. Based on the officer's testimony, coupled with defendant's failure to establish an exception to the ordinance, such as a license to operate a junk yard, the Law Division judge found defendant guilty.

The judge rejected defendant's "res judicata" argument, explaining, among other things, that the order from 2003 was inapplicable because the underlying complaint was issued in 1999 and the registration for the relevant vehicles did not expire until August 2001 and February 2013. The Law Division judge did, however, agree with defendant's argument the ordinance was a per property offense as opposed to a per vehicle offense. Based on that determination, the

judge dismissed one of the complaints and ordered a refund for the related fine and court costs already paid by defendant. On the remaining summons, the judge left intact the municipal court fine and costs. This appeal followed.

On appeal, defendant argues:

> POINT 1
> THE TRIAL COURT JUDGE AND SUPERIOR COURT JUDGE SHOULD HAVE DISMISSED THE CURRENT COMPLAINTS, SINCE THE SAME COMPLAINTS, FOR THE SAME PROPERTY WERE DISMISSED WITH PREJUDICE.
>
> POINT 2
> A SELECTIVE PROSECUTION CLAIM IS NOT A DEFENSE ON THE MERITS TO THE CRIMINAL CHARGE ITSELF, BUT AN INDEPENDENT ASSERTION THAT THE PROSECUTOR HAS BROUGHT THE CHARGE FORBIDDEN BY THE CONSTITUTION.
>
> POINT 3
> THE DEFENDANT HAS SHOWN A LONG HISTORY OF SELECTIVE ENFORCEMENT AND REQUEST FOR DISCOVERY ISSUES WITH TOMS RIVER TOWNSHIP.
>
> POINT 4
> THE SUPERIOR COURT AGREED THAT THE ORDINANCE IS A PER PROPERTY VIOLATION, NOT A VEHICLE OR PER VEHICLE VIOLATION, SINCE THE ORDER WRITTEN BY THE HONORABLE JUDGE ROTH, THERE IS NO FACTS SHOWING A CHANGE IN THE USE OF THE PROPERTY.

POINT 5
THE MUNICIPAL COURT JUDGE FAILING TO FOLLOW COURT RULES BY ALLOWING THE UNTIMELY MOTION TO QUASH SUBPOENAS BY THE PROSECUTOR, AND NOT ALLOWING THE DEFENDANT TIME TO ANSWER STATE'S MOTION IN WRITING.

POINT 6
THE DEFENDANT ASSERTS THAT THE ORDINANCE HAS BEEN SELECTIVELY ENFORCED AGAINST HIM, THEREBY VIOLATING HIS FOURTEENTH AMENDMENT RIGHT TO EQUAL PROTECTION OF THE LAWS.

We affirm, substantially for the reasons expressed by the Law Division judge in his oral opinion adjudicating defendant guilty of a single violation. The judge's determination is supported by "sufficient credible evidence . . . in the record." State v. Robertson, 228 N.J. 138, 148 (2017) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). Defendant's arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                                                    A-4221-16T3